[Civ. No. 6829. Second Appellate District, Division One.—October 20, 1931.]

WILLIAM THOMPSON et al., Respondents, v. H. E. PURDY, Appellant.

[Civ. No. 6852. Second Appellate District, Division One.—October 20, 1931.]

WILLIAM THOMPSON et al., Respondents, v. H. E. PURDY et al., Defendants; AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Appellant.

Kenneth W. Kearney for Appellant in Civ. No. 6829.

Vernon Day for Appellant in Civ. No. 6852.

John V. Morris and Earl Curtis Peck for Respondents.

YORK, J.—These two appeals, which have been consolidated for hearing and decision, are appeals from the judgment in an action for the recovery of damages, brought against H. E. Purdy, a licensed real estate broker, and the surety on his bond, for alleged false representations made to the plaintiffs in a transaction between them and the said Purdy, it being alleged that the plaintiffs signed an agreement for the sale of real estate in the office of the said Purdy, without any allegation as to whether the said Purdy was acting as a broker or as a principal.

Both appeals are taken on the grounds that the complaint does not state facts sufficient to constitute a cause of action, and that the findings of fact do not support the conclusions of law or the judgment.

There is a failure in the complaint to allege any *facts* which would show a violation of law on the part of Purdy, or facts which would show liability on the part of the surety company under its statutory bond, which bond was conditioned for the faithful performance by defendant Purdy

of his undertaking as a licensed real estate broker; this may have been attempted by the allegation in the complaint, "That in making the representations and statements, as aforesaid, the defendant H. E. Purdy was guilty of failure to perform his duties and to comply with the provisions of said act #3841 hereinabove referred to, and that by reason thereof, plaintiffs suffered damage in the sum of Seventeen Hundred Fifty Dollars ($1750.00), together with interest thereon at the rate of seven percent (7%) per annum from the 21st day of September, 1928." But if this is an attempt to allege that Purdy was acting as a real estate broker at the time such statements and representations were made, it fails to make such allegation.

There is no allegation in the complaint as to whether or not the plaintiffs rescinded their said contract, which they would have to do, if the said *Purdy* was the *principal* thereof, and there is no allegation as to whether or not the contract was completed by the said plaintiffs. There is no allegation as to the amount paid by the plaintiffs, excepting that they paid to the defendant Purdy the sum of $1750, which they would not have paid had not certain representations been made, as set forth in the complaint, and no statement that it was paid to him in his capacity as a broker.

There is, in fact, nothing in the complaint that alleges directly that the said representations alleged to have been made by the said Purdy were made by him in a deal wherein he was acting as a broker under the Real Estate Brokers' Act, unless it be the conclusion contained in the hereinbefore quoted portion of the complaint, or in the allegation in the complaint that on the day of the transaction, and for a long time prior thereto, defendant Purdy had been a licensed real estate broker.

Although every intendment is in favor of the judgment, we cannot find in the complaint or in the findings any statement of fact which would show that the said Purdy, in the transaction complained of, was acting as a real estate broker.

The judgment is therefore reversed.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.